IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN MATTHEW FINNEGAN,** | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL ACTION NO. 21-CV-3256** |
| | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT,** *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Sean Matthew Finnegan has filed a civil action using the Court's preprinted form for self-represented litigants. Named as Defendants are the Philadelphia Police Department and the Philadelphia Sheriff's Office. Finnegan also seeks leave to proceed *in forma pauperis*.[1] For the reasons that follow, the application to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS**

Finnegan's allegations are brief. He checked the box on the form Complaint indicating that he seeks to invoke federal question jurisdiction to assert a claim under 15 U.S.C. § 1692b (ECF 2). He alleges the "defendant are engaging in harassing and abusive behaivor [sic] which has caused catastrophic damages to the plaintiff both personally and professionally." *Id.* He goes on to assert that the Defendants:

> are making up stories and lies to emotionally and phsychlogically [sic] abuse the
> plaintiff, in what appears to be an attempt to make the plaintiff look unstable or

---

[1] Neither the form Complaint nor the application to proceed *in forma pauperis* contain a hand placed signature. Rather, it appears that both contain an electronic signature. Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signatures as compliant with Federal Rule of Civil Procedure 11.

> question the plaintiffs judgment.  The defendants have failed to respond to calls, produce reports and/or investigate ctriminal [sic] matters which the plaintiff has brought to their attention.

*Id.*  As a result, Finnegan asserts he has suffered life-threatening and irreversible medical complications.  *Id.*  He also alleges the Defendants "failed to comply with a cease and desist and LOI," that caused him to file this case.  *Id.*  He seeks money damages.

## II.     STANDARD OF REVIEW

Finnegan's motion for leave to proceed *in forma pauperis* will be granted since he appears unable to pay the filing fee for this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires that a Complaint be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a complaint to contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Finnegan is proceeding *pro se*, his allegations are construed liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Finnegan seeks to invoke federal question jurisdiction by citing to a provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692b.  That specific section of the statute provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes

> that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4) not communicate by post card;
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.  The term "debt" as used in the statute

> means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a.  A "debt collector" is defined in the statute as

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .  The term does not include--
> . . .
> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

15 U.S.C. § 1692a.  Finally, "location information" means "a consumer's place of abode and his telephone number at such place, or his place of employment."  15 U.S.C. § 1692a.

Nothing in Finnegan's brief description of his claim includes any information that would plausibly allege that any named Defendant is a "debt collector," that any named Defendant undertook an act that violated the statute by seeking Finnegan's location information, or that Finnegan even owed a debt.  Accordingly, the Complaint will be dismissed on screening as required by 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim.  However, because it cannot be said at this time that Finnegan can never assert a

3

plausible claim under the FDCPA, the dismissal will be without prejudice and Finnegan will be granted an opportunity to file an amended complaint if he is capable of asserting plausible claims.

An appropriate Order follows giving Finnegan additional instructions on amendment.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**

**Date: 8/19/21**